UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHYNNA CABALLERO, an Infant, by her
Mother and Next Friend, IRENE CABALLERO,
and GIOVANA SEPULVEDA,

                12CV3509(PAE)

          Plaintiffs,

                COMPLAINT AND
                DEMAND FOR JURY TRIAL

   - against -

                ECF CASE

THE CITY OF NEW YORK, TYRONE
MIDDLETON, WASHINGTON GOMEZ,
and FRED WASHINGTON,

         Defendants
------------------------------------------------------------------x

       Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, allege:

### NATURE OF THE ACTION

       1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Chynna Caballero and Giovana Sepulveda by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

       2. Chynna Caballero, an infant under the age of 18 years, and Giovana Sepulveda are citizens of the United States who were lawfully present on Minford Place, Bronx, New York, on April 19, 2011, when the individual defendants struck them with night sticks o batons, arrested them on false criminal charges of Resisting Arrest and Obstructing Governmental Administration, and transported them to the 42nd Precinct, from where plaintiff Chynna Caballero was transported to Horizon Juvenile Detention Center, then to Lincoln Hospital, and was ultimately released from Family Court the following day, and from where plaintiff Giovana Sepulveda was transported to

Bronx Central Booking, where she was held until her arraignment on April 20, 2011, at which time the charges against her were adjourned in contemplation of dismissal. No charges were filed against plaintiff Chynna Caballero in Family Court.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiffs Chynna Caballero's and Giovana Sepulveda's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution..

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Tyrone Middleton, Washington Gomez and Fred Washington can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Chynna Caballero is an infant under the age of 18 years and a citizen of the Untied States who resides in the County of Philadelphia, State of Pennsylvania.

7. Plaintiff Irene Caballero is the mother and next friend of plaintiff Chynna Caballero.

8. Plaintiff Giovana Sepulveda is a citizen of the Untied States who resides in the County of Philadelphia, State of Pennsylvania.

9. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

10. At all times relevant herein, defendant The City of New York maintained a police department.

11. Defendant Tyrone Middleton is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Tyrone Middleton was acting within the scope of his employment by defendant The City of New York.

13. Defendant Washington Gomez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant Washington Gomez was acting within the scope of his employment by defendant The City of New York.

15. Defendant Fred Washington is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant Fred Washington was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

17. On June 16, 2011, and within 90 days of the accrual of the causes of action herein, plaintiffs Chynna Caballero and Giovana Sepulveda served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which their claims arose.

18. More than thirty days have elapsed since the plaintiffs' Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

19. Plaintiffs incorporate by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On April 19, 2011, at approximately 7:00 p.m., plaintiffs Chynna Caballero and Giovana Sepulveda were lawfully present on Minford Place, in the County of the Bronx, City and State of New York.

21. On April 19, 2011, defendant Tyrone Middleton pushed plaintiff Chynna Caballero as she was attempting to enter a motor vehicle.

22. Defendant Tyrone Middleton then pulled plaintiff Chynna Caballero out of the vehicle and punched her.

23. Defendants Tyrone Middleton, Washington Gomez and Fred Washington thereupon repeatedly struck plaintiff Chynna Caballero with their knees, kicked her, and struck her with night sticks or batons.

24. When plaintiff Giovana Sepulveda attempted to protect her 14-year-old sister from the attack by defendants Tyrone Middleton, Washington Gomez and Fred Washington, one of the individual defendants pushed plaintiff Giovana Sepulveda against a car.

25. Defendants Tyrone Middleton, Washington Gomez and Fred Washington proceeded to strike plaintiff Giovana Sepulveda with night sticks and/or batons and threatened to spray mace in her face.

26. One of the individual defendants handcuffed plaintiff Chynna Caballero.

27. One of the individual defendants handcuffed plaintiff Giovana Sepulveda.

28. Defendants Tyrone Middleton, Washington Gomez and Fred Washington arrested plaintiff Chynna Caballero.

29. Defendants Washington Gomez, Tyrone Middleton, and Fred Washington arrested plaintiff Giovana Sepulveda on false criminal charges of Resisting Arrest and Obstructing Governmental Administration.

30. The defendants transported plaintiffs Chynna Caballero and Giovana Sepulveda to the 42nd Precinct, where they were imprisoned for a period of time.

31. Plaintiff Chynna Caballero was subsequently transferred to Horizon Juvenile Detention Center, where she continued to be imprisoned.

32. Plaintiff Chynna Caballero was transported from Horizon Juvenile Detention Center to Lincoln Hospital for treatment of injuries she received at the hands of defendants Tyrone Middleton, Washington Gomez, and Fred Washington.

33. Following treatment at Lincoln Hospital, plaintiff Chynna Caballero was returned to the 42nd Precinct, and then transported to Bronx Family Court.

34. Plaintiff Chynna Caballero was released from Bronx Family Court on April 20, 2011.

35. On April 20, 2011, plaintiff Giovana Sepulveda was transported from the 42nd Precinct to Bronx Central Booking, where she continued to be imprisoned.

36. On April 20, 2011, plaintiff Giovana Sepulveda was arraigned before a judge in Bronx Supreme Court, Criminal Division, the charges against her were adjourned in contemplation of dismissal, and she was released from custody.