### COUNT ONE ON BEHALF OF CHYNNA CABALLERO
### USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

37. Plaintiffs incorporate by reference paragraphs 1 through 36 of this complaint as though the same were set forth fully herein.

38. Defendants Tyrone Middleton, Washington Gomez and Fred Washington used excessive and unreasonable force against plaintiff Chynna Caballero.

39. The level of force used by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Chynna Caballero was objectively unreasonable.

40. The use of excessive force by defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Chynna Caballero of her right to be secure in her person.

41. Defendants Tyrone Middleton, Washington Gomez and Fred Washington were acting under color of state law when they used excessive force against plaintiff Chynna Caballero.

42. Defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Chynna Caballero of her right to be secure in her person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against her.

43. As a result of the defendants' use of excessive force, plaintiff Chynna Caballero sustained physical injury.

44. As a result of the defendants' use of excessive force, plaintiff Chynna Caballero experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT TWO ON BEHALF OF CHYNNA CABALLERO
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

45. Plaintiffs incorporate by reference paragraphs 1 through 44 of this complaint as though the same were set forth fully herein.

46. The seizure, arrest, and imprisonment of plaintiff Chynna Caballero by defendants Tyrone Middleton, Washington Gomez and Fred Washington were made without any warrant or other legal process directing or authorizing her seizure, arrest, or imprisonment.

47. The seizure, arrest, and imprisonment of plaintiff Chynna Caballero were made without probable cause to believe that she had committed a crime or offense.

48. The charges upon which defendants Tyrone Middleton, Washington Gomez and Fred Washington arrested plaintiff Chynna Caballero were false.

49. The charges were made by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Chynna Caballero with knowledge that they were false.

50. Plaintiff Chynna Caballero was aware of her seizure, arrest and imprisonment by defendants Tyrone Middleton, Washington Gomez and Fred Washington.

51. Plaintiff Chynna Caballero did not consent to her seizure, arrest or imprisonment.

52. As a result of the foregoing, plaintiff Chynna Caballero was deprived of her liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

53. The seizure, arrest and imprisonment of plaintiff Chynna Caballero deprived her of her right to be free of unlawful searches and seizures and her right not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

54. Defendants Tyrone Middleton, Washington Gomez and Fred Washington were acting under color of state law when they seized, arrested and imprisoned plaintiff Chynna Caballero.

55. Defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Chynna Caballero of her rights to be free of unlawful searches and seizures and not to be

deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning her on false criminal charges.

### COUNT THREE ON BEHALF OF CHYNNA CABALLERO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

56. Plaintiffs incorporate by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. The acts of excessive force against plaintiff Chynna Caballero complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

58. The acts of excessive force against plaintiff Chynna Caballero complained of were carried out by the individual defendants in their capacities as police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of employing excessive force against individuals in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

60. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for appropriate and inappropriate use of force against individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to supervise police officers

during the performance of their duties, and more particularly during encounters with the members of the public;

(c) Defendant The City of New York failed properly to monitor the conduct of its police officers to determine if its police officers were following proper standards for use of force against members of the public consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(d) Defendant The City of New York failed to discipline police officers for employing excessive force against members of the public.

61. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

62. The use of excessive force by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Chynna Caballero resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of appropriate and inappropriate use of force against member of the public.

63. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to use excessive force against members of the public.

64. Defendant The City of New York deprived plaintiff Chynna Caballero of her right to be secure in her person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of using excessive force against members of the public.

65. The aforesaid conduct of defendant The City of New York violated plaintiff Chynna Caballero's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR ON BEHALF OF CHYNNA CABALLERO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

66. Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67. The seizure, arrest and imprisonment of plaintiff Chynna Caballero were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

68. The seizure, arrest and imprisonment of plaintiff Chynna Caballero were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

70. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;