(c)    Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

    (d)    Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (e)    Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

71. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

72. The seizure, arrest and imprisonment of plaintiff Chynna Caballero on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

73. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

74. Defendant The City of New York deprived plaintiff Chynna Caballero of her rights to be free of unlawful searches and seizures and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

75. The aforesaid conduct of defendant The City of New York violated plaintiff Chynna Caballero's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT FIVE ON BEHALF OF CHYNNA CABALLERO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

76. Plaintiffs incorporate by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Tyrone Middleton, Washington Gomez and Fred Washington were unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

78. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these and other officers.

79. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

80. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Chynna Caballero would be violated.

81. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Chynna Caballero.

82. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

83. Defendant The City of New York deprived plaintiff Chynna Caballero of her rights to be secure in her person, to be free of unlawful searches and seizures, and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

### COUNT SIX ON BEHALF OF CHYNNA CABALLERO
### ASSAULT AND BATTERY

84. Plaintiffs incorporate by reference paragraphs 1 through 83 of this Complaint as though the same were set forth fully herein.

85. Defendants Tyrone Middleton, Washington Gomez Fred Washington and the City of New York committed an assault and battery on the person of plaintiff Chynna Caballero in the course of repeatedly striking her with night sticks or batons and handcuffing her wrists.

86. As a result of the foregoing, plaintiff Chynna Caballero was injured.

87. As a result of the foregoing, plaintiff Chynna Caballero experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT SEVEN ON BEHALF OF CHYNNA CABALLERO
### COMMON LAW FALSE IMPRISONMENT

88. Plaintiffs incorporate by reference paragraphs 1 through 87 of this Complaint as though the same were set forth fully herein.

89. Defendants Tyrone Middleton, Washington Gomez Fred Washington and The City of New York falsely imprisoned plaintiff Chynna Caballero by seizing, arresting and imprisoning her on false criminal charges.

90. As a result of the foregoing, plaintiff Chynna Caballero was deprived of her liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

### COUNT EIGHT ON BEHALF OF GIOVANA SEPULVEDA
### USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

91. Plaintiffs incorporate by reference paragraphs 1 through 90 of this complaint as though the same were set forth fully herein.

92. Defendants Tyrone Middleton, Washington Gomez and Fred Washington used excessive and unreasonable force against plaintiff Giovana Sepulveda.

93. The level of force used by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Giovana Sepulveda was objectively unreasonable.

94. The use of excessive force by defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Giovana Sepulveda of her right to be secure in her person.

95. Defendants Tyrone Middleton, Washington Gomez and Fred Washington were acting under color of state law when they used excessive force against plaintiff Giovana Sepulveda.

96. Defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Giovana Sepulveda of her right to be secure in her person guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against her.

97. As a result of the defendants' use of excessive force, plaintiff Giovana Sepulveda sustained physical injury.

98. As a result of the defendants' use of excessive force, plaintiff Giovana Sepulveda experienced pain, physical and emotional distress, hardship and anxiety.

### COUNT NINE ON BEHALF OF GIOVANA SEPULVEDA
### FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

99. Plaintiffs incorporate by reference paragraphs 1 through 98 of this complaint as though the same were set forth fully herein.

100. The seizure, arrest, and imprisonment of plaintiff Giovana Sepulveda by defendants Tyrone Middleton, Washington Gomez and Fred Washington were made without any warrant or other legal process directing or authorizing her seizure, arrest, or imprisonment.

101. The seizure, arrest, and imprisonment of plaintiff Giovana Sepulveda were made without probable cause to believe that she had committed a crime or offense.

102. The charges upon which defendants Tyrone Middleton, Washington Gomez and Fred Washington arrested plaintiff Giovana Sepulveda were false.

103. The charges were made by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Giovana Sepulveda with knowledge that they were false.

104. Plaintiff Giovana Sepulveda was aware of her seizure, arrest and imprisonment by defendants Tyrone Middleton, Washington Gomez and Fred Washington.