105. Plaintiff Giovana Sepulveda did not consent to her seizure, arrest or imprisonment.

106. As a result of the foregoing, plaintiff Giovana Sepulveda was deprived of her liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

107. The seizure, arrest and imprisonment of plaintiff Giovana Sepulveda deprived her of her right to be free of unlawful searches and seizures and her right not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

108. Defendants Tyrone Middleton, Washington Gomez and Fred Washington were acting under color of state law when they seized, arrested and imprisoned plaintiff Giovana Sepulveda.

109. Defendants Tyrone Middleton, Washington Gomez and Fred Washington deprived plaintiff Giovana Sepulveda of her rights to be free of unlawful searches and seizures, and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning her on false criminal charges.

### COUNT TEN ON BEHALF OF GIOVANA SEPULVEDA
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

110. Plaintiff incorporates by reference paragraphs 1 through 109 of this Complaint as though the same were set forth fully herein.

111. The acts of excessive force against plaintiff Giovana Sepulveda complained of were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their

capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

112. The acts of excessive force against plaintiff Giovana Sepulveda complained of were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their capacities as police officer pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

113. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of employing excessive force against individuals in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

114. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

- (a) Defendant The City of New York failed properly to train police officers in the standards for appropriate and inappropriate use of force against individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

- (b) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during encounters with the members of the public;

- (c) Defendant The City of New York failed properly to monitor the conduct of its police officers to determine if its police officers were following proper standards for use of force against members of the public consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

- (d) Defendant The City of New York failed to discipline police officers for employing excessive force against members of the public.

115. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

116. The use of excessive force by defendants Tyrone Middleton, Washington Gomez and Fred Washington against plaintiff Giovana Sepulveda resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of appropriate and inappropriate use of force against member of the public.

117. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to use excessive force against members of the public.

118. Defendant The City of New York deprived plaintiff Giovana Sepulveda of her right to be secure in her person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of using excessive force against members of the public.

119. The aforesaid conduct of defendant The City of New York violated plaintiff Giovana Sepulveda's rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

### COUNT ELEVEN ON BEHALF OF GIOVANA SEPULVEDA
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

120. Plaintiffs incorporate by reference paragraphs 1 through 119 of this Complaint as though the same were set forth fully herein.

121. The seizure, arrest and imprisonment of plaintiff Giovana Sepulveda were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their capacities

as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

122. The seizure, arrest and imprisonment of plaintiff Giovana Sepulveda were carried out by defendants Tyrone Middleton, Washington Gomez and Fred Washington in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

123. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

124. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

   (b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

   (c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

   (d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;