(e)  Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

125.  The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

126.  The seizure, arrest and imprisonment of plaintiff Giovana Sepulveda on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

127.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

128.  Defendant The City of New York deprived plaintiff Giovana Sepulveda of her rights to be free of unlawful searches and seizures and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for warrantless arrests and the standards of probable cause.

129.  The aforesaid conduct of defendant The City of New York violated plaintiff Giovana Sepulveda's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT TWELVE ON BEHALF OF GIOVANA SEPULVEDA
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

130.  Plaintiffs incorporate by reference paragraphs 1 through 129 of this Complaint as though the same were set forth fully herein.

131.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Tyrone Middleton, Washington Gomez and Fred Washington were unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

132.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these and other officers.

133.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

134.  Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Giovana Sepulveda would be violated.

135.  Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Giovana Sepulveda.

136.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

137.  Defendant The City of New York deprived plaintiff Giovana Sepulveda of her rights to be secure in her person, to be free of unlawful searches and seizures, and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT THIRTEEN ON BEHALF OF GIOVANA SEPULVEDA
### ASSAULT AND BATTERY

138.  Plaintiffs incorporate by reference paragraphs 1 through 139 of this Complaint as though the same were set forth fully herein.

139.  Defendants Tyrone Middleton, Washington Gomez Fred Washington and the City of New York committed an assault and battery on the person of plaintiff Giovana Sepulveda in the course of repeatedly striking her with night sticks or batons and handcuffing her wrists.

140.  As a result of the foregoing, plaintiff Giovana Sepulveda was injured.

141.  As a result of the foregoing, plaintiff Giovana Sepulveda experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT FOURTEEN ON BEHALF OF GIOVANA SEPULVEDA
### COMMON LAW FALSE IMPRISONMENT

142.  Plaintiffs incorporate by reference paragraphs 1 through 141 of this Complaint as though the same were set forth fully herein.

143. Defendants Tyrone Middleton, Washington Gomez Fred Washington and The City of New York falsely imprisoned plaintiff Giovana Sepulveda by seizing, arresting and imprisoning her on false criminal charges.

144. As a result of the foregoing, plaintiff Giovana Sepulveda was deprived of her liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award plaintiffs Chynna Caballero and Giovana Sepulveda compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiffs Chynna Caballero and Giovana Sepulveda punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
      April 30, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
    Steven Michelstein (SM3323)
Attorneys for Plaintiffs
485 Madison Avenue
New York, New York 10022
(212) 588-0880